UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENNEBERRY,<br>    Plaintiff,<br>v.<br>CITY OF NEWARK, et al.,<br>    Defendants. | Case No. 18-cv-01905-JCS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 8 |

## I. INTRODUCTION

Plaintiff John Henneberry brings this action under 42 U.S.C. §1983 against Defendants City of Newark, Alan L. Nagy, John Becker, David Benoun, and Sheila Harrington. Henneberry alleges that Defendants violated his civil rights by refusing to read aloud at City Council meetings letters that Henneberry wrote and submitted to the Newark City Council. Defendants bring a Motion to Dismiss ("Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of all of Henneberry's claims. The Court vacated the hearing pursuant to Civil Local Rule 7-1(b), finding that Defendants' Motion was appropriate for decision without oral argument. For the reasons set forth below, the Motion is GRANTED.[1]

## II. BACKGROUND

### A. Complaint

Henneberry alleges he is a resident of the City of Newark, California. Complaint ¶ 4. He alleges that Defendants Nagy, Becker, Benoun, and Harrington were and continue to be employees of the City of Newark. *Id.* ¶ 5. Henneberry alleges Nagy is the Mayor of Newark and was the presiding officer at City Council meetings on February 8, 2018 and February 22, 2018, when

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

Henneberry contends his constitutional rights were violated. *Id.* ¶¶ 6, 13, 16-18. According to Henneberry, Becker is Newark's City Manager, Benoun is Newark's City Attorney, and Harrington is Newark's City Clerk. *Id.* ¶¶ 7-9.

Henneberry alleges that his political opposition to all Newark City Council members has been "common knowledge" since 2012. *Id.* ¶ 11. According to Henneberry, at a July 21, 2012 City Council meeting a Newark City Council member hit him in the chest without provocation, minutes after he "had strong questions" for city officials. *Id*. Henneberry alleges that a police officer claimed he saw Henneberry strike the City Council member, and told Henneberry he would be arrested if he remained at the meeting. *Id.* Henneberry remained and was not arrested. *Id.* Henneberry alleges that on April 18, 2013, he was arrested at a City Council meeting while sitting quietly in a chair. *Id.* He alleges he was in police custody for 32.5 hours and was never charged with a crime as a result of the arrest. *Id.* According to Henneberry, on February 24, 2014 he was speaking during "Oral Communications," a standing agenda item at Newark City Council meetings, when Mayor Nagy ordered his arrest. *Id.* Henneberry alleges he still had two minutes remaining in his allotted presentation time when a police officer approached him and threatened to arrest him for trespassing. *Id.*

Henneberry alleges that the City of Newark conducts twice-monthly City Council meetings. *Id.* ¶ 1. According to Henneberry, the City of Newark prepares and publishes council meeting minutes and audio/video recordings of each meeting. *Id*. Henneberry alleges the City of Newark publishes the agenda for each city council meeting several days in advance, and on this agenda the item "Written Communications" is consistently and continuously listed as agenda item D. *Id*. Henneberry alleges that under this agenda item, "[m]embers of the public are allowed to submit letters to [C]ity [C]ouncil" and these letters are then "read aloud, and verbatim, into the public record" by the mayor or presiding officer. *Id*. According to Henneberry, "[t]he meeting minutes and audio/video recordings of council meetings, both produced by the City of Newark, then create easily accessible public records of these free speech communications." *Id.*

Henneberry alleges that this "free speech platform is readily and always available, but seldom used by the public." *Id.* According to Henneberry, Defendants "read an average of

2

approximately one letter per year into the record at council meetings under the perpetual agenda item 'D' Written Communications." *Id*.

Henneberry alleges that at a City Council meeting in 2012 that he attended, Mayor Nagy read aloud during "Written Communications" a letter submitted by a Newark resident, Marla Morris, that requested that the City of Newark modify a city-owned swimming pool. *Id*. ¶ 13. Henneberry alleges he reviewed all written City Council meeting minutes from 2011-2013 and could not find a record of this letter. *Id*. Henneberry also alleges that the recorded minutes for agenda item D of a November 29, 2012 City Council meeting state that Mayor Nagy read aloud thank you cards from aformer City Council member Susan Johnson and Congressman Pete Stark. *Id*. ¶ 14.

According to Henneberry, on January 29, 2018, he began making preparations to submit a letter to be read at an upcoming City Council meeting under agenda item D, sending an email to city clerk Harrington inquiring about the limitations and requirements for such submissions. *Id*. ¶ 12. Henneberry alleges that Harrington confirmed receipt of the email on January 30, 2018 and sent an email response on February 1, 2018 stating as follows:

> Oral Communications is the time set aside for the public to comment on any topic that was not on the City Council agenda. At that time, you may submit any written materials and request that the City Council consider placing it on a future agenda. There is no limit on the number of words in the documents and you would still be able to speak during oral communications.

*Id*.

Henneberry alleges that he emailed to Harrington a "length-compliant letter" to be read under agenda item D in advance of the February 8, 2018 City Council meeting. *Id*. ¶ 16. According to Henneberry, Harrington replied by resending the same February 1 email mentioned above. *Id*. Plaintiff alleges that when he arrived at the February 8, 2018 City Council meeting, at which all defendants were present, he spoke with Harrington, who told him that all members of the City Council had received a copy of his letter. *Id*. Henneberry further alleges he "attempted to resolve the problem" by speaking with city manager Becker before the meeting began. *Id*. Henneberry alleges that Becker "was not willing to discuss the problem and instead told

3

[Henneberry], 'Why don't you just sit down?'" *Id*.

Henneberry alleges that city attorney Benoun and city clerk Harrington "did agree to confer" with him just as the meeting was scheduled to begin and as a consequence, the City Council meeting was delayed for 15 minutes while they discussed the matter. *Id*. ¶ 17. According to Henneberry, Benoun showed him a section of Newark's Municipal Code that provides that the City Council will not discuss any item not on the agenda. *Id*. Henneberry alleges that he told Benoun and Harrington that "the mayor had previously read letters aloud that were sent by others during agenda item 'D'" and that Benoun "first denied this and then agreed that the mayor had read letters aloud in the past under agenda item 'D' Written Communications" but that this "must have been a mistake." *Id*.

Finally, Henneberry alleges that in advance of a February 22, 2018 City Council meeting he sent another "nearly identical" letter to city clerk Harrington to be read under agenda item D at the upcoming City Council meeting. *Id.* ¶ 18. Henneberry alleges Harrington told him that, while each City Council member had received a copy of the letter, the letter would not be read during agenda item D Written Communications. *Id*. ¶¶ 18-19.

Based on the factual allegations summarized above, Henneberry asserts two claims in his complaint: (1) "Violations of First Amendment to the United States Constitution"; and (2) "Violations of Fourteenth Amendment to the United States Constitution." *Id*. ¶¶ 21, 22. In support of both claims, Henneberry "re-alleges and incorporates" all allegations previously made in the complaint. *Id*. Henneberry seeks compensatory and punitive damages, legal fees, and pre-judgment and post-judgment interest. *Id*. ¶ 28. He also seeks injunctive relief as well as declaratory judgment. *Id*.

**B. Contentions of the Parties**

**1. Motion to Dismiss**

In the Motion, Defendants assert that all of Henneberry's claims should be dismissed for the following reasons: (1) Henneberry's complaint violates Rule 8(a) of the Federal Rules of Civil Procedure because it does not provide Defendants with "fair notice" of the specific conduct that he alleges violated his First and Fourteenth Amendment rights; (2) Henneberry has not stated any

4

claim under 42 U.S.C. § 1983 because he has not alleged facts sufficient to demonstrate a constitutional violation and he has not connected each named defendant with a specific act or omission; (3) Henneberry's complaint is barred as Defendants are protected from suit by qualified immunity; (4) Henneberry's claims are barred by the applicable statutes of limitations; and (5) Henneberry's complaint fails to state a claim against Defendant City of Newark because he has not alleged facts showing a policy or practice under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Defendants challenge Henneberry's § 1983 claim based on alleged violation of the First Amendment on several grounds. Motion at 8-11. First, Defendants argue Henneberry's First Amendment rights were not violated because he was permitted to read the letters aloud himself during "Oral Communications" – a right that is guaranteed under the Newark Municipal Code, which allocates time during "Oral Communications" for members of the public to address the City Council regarding items not on the agenda. *Id.* at 9. Defendants contend the Complaint demonstrates that Henneberry was aware of this opportunity because he had utilized this platform in the past and had also been advised in writing that he would be afforded the opportunity to address the City Council during "Oral Communications." *Id.*

Second, Defendants assert that Henneberry's First Amendment claim fails because the First Amendment does not give Henneberry the right to compel others to speak and therefore does not afford him the "right to have his letters read aloud by city councilmembers." *Id.* at 9-10.

Third, Defendants contend that City Council meetings are limited public fora and therefore, that regulations on speech during City Council meetings do not violate the First Amendment so long as they constitute reasonable limits on time, place, and manner. *Id.* Defendants assert the Complaint fails to show that Newark's policies on public comment at City Council meetings do not meet this requirement. *Id.*

Finally, Defendants argue Henneberry fails to allege facts showing that Nagy, Becker, Benoun or Harrington "acted in a manner that would establish a violation of Henneberry's First Amendment rights." *Id.* at 10. In support of this assertion, Defendants argue that the Complaint does not demonstrate that these defendants "acted with any intent or desire to curb, chill or inhibit

5

Henneberry's First Amendment rights" and instead, reflects that they repeatedly reminded him of "his ability to comment during City Council meetings." *Id.* at 10-11.

Defendants also assert that Henneberry has failed to state a claim under either the Equal Protection Clause or the Due Process Clause of the Fourteenth Amendment. *Id*. at 11. Defendants contend that Henneberry has not stated a claim under the Equal Protection Clause because he did not allege that he is a member of a protected class, nor did he allege facts showing that Defendants acted with discriminatory intent or purpose. *Id*. at 11-12. Defendants further contend that Henneberry has not alleged facts that demonstrate that he was treated differently or that Defendants intended to treat him differently from others similarly situated to him. *Id*. at 12.

With respect to the Due Process Clause, Defendants argue that Plaintiff has not articulated any basis for such a claim and note that his inclusion of the Fourteenth Amendment in the Complaint "appears to be an afterthought." *Id*. Further, they contend, to the extent any possible Fourteenth Amendment Due Process claim is based on the conduct that Henneberry alleges violated his First Amendment rights, namely, Defendants' alleged suppression of his right to free speech, the claim must be treated as a First Amendment claim and not a Due Process claim. *Id*. This is because "[w]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular source of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing the [ ] claims.'" *Id*. (quoting *Podesta v. City of San Leandro*, 2005 WL 2333802, at * 1, 4 (N.D. Cal. 2005) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). In any event, Defendants argue, Henneberry has not alleged facts sufficient to demonstrate a violation of substantive due process, which requires that a plaintiff establish that he was subjected to "egregious official conduct" that "shocks the conscience" and "violates the decencies of civilized conduct." *Id*. at 12-13 (quoting *Stoot v. City of* Everett, 582 F.3d 910, 928 (9th Cir. 2009)).

Defendants also argue that Henneberry's claims fail as to Nagy, Becker, Benoun, and Harrington because these defendants are protected from suit by qualified immunity, which protects state actors from liability based on violations of constitutional rights that are not clearly established. *Id*. at 13. Here, as discussed above, Defendants assert that Henneberry has not

6

alleged any constitutional violation in the first instance. *Id*. at 14. Defendants further assert that even if Henneberry has alleged any constitutional violation, Henneberry has not demonstrated that any clearly established constitutional rights were violated such that a reasonable official would have known that his or her actions would deprive Henneberry of his rights. *Id*. at 15.

Defendants argue further that all of Henneberry's claims are barred by the two year statute of limitations period for personal injury actions that applies to §1983 claims, at least "to the extent that [they] are based on or rely on" the interactions described in the complaint that occurred in 2012, 2013 and 2014. *Id* (citing *Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004)).[2]

Finally, Defendants assert Henneberry has not stated a claim against the City of Newark. *Id*. First, Defendants contend that because Henneberry has failed to state a viable claim for any constitutional violation as to the individual defendants he also fails to state a claim under *Monell* against the City of Newark. *Id*. at 16. Defendants further contend that even if Henneberry has alleged sufficient facts to demonstrate that his constitutional rights were violated, he has "failed to set forth specific, non-conclusory allegations regarding any policy, custom, or practice" that caused the alleged constitutional violations. *Id*. at 17. Defendants assert that there is no evidence that the actions performed by any of the individually named defendants "were part of a policy or custom of [City of Newark] that evidences a deliberate indifference to Henneberry's constitutional rights." *Id*.

### 2. Defendants' Request for Judicial Notice

Defendants request that the Court take judicial notice under Federal Rule of Evidence 201 of two City of Newark municipal ordinances, Newark Municipal Code §§ 2.08.100 and 2.08.120. *See* Defs' Req. for Judicial Notice dkt. no. 9 at 1. In support of their request, Defendants contend that municipal ordinances are not subject to reasonable dispute. *Id*. at 2.

---

[2] Defendants' heading, somewhat misleadingly, states that "Henneberry's Claims are Barred By the Statute of Limitations." Motion at 15. By the end of their discussion, however, it is clear that Defendants are making a more limited argument that challenges the timeliness of Plaintiff's claims *only* to the extent he seeks to assert them on the basis of events that occurred more than two years before the complaint was filed, rather than on the events that occurred at the two meetings that took place in 2018, when the City Council refused to read his letters aloud.

### 3. Plaintiff's Opposition to Defendants' Motion

In his Opposition, Henneberry asserts that the Complaint provides Defendants with "fair notice" and therefore complies with Rule 8(a) of the Federal Rules of Civil Procedure. *See* Opp'n. at 3. Furthermore, Henneberry asserts his complaint should be held to a lower standard because he is a pro se litigant alleging civil rights violations. *Id*. at 4.

Henneberry contends that the complaint alleges facts sufficient to establish violations of the First Amendment and the Fourteenth Amendment (both the Equal Protection and Due Process Clauses). *Id*. at 3. He also argues that Defendants are not protected from suit by qualified immunity because "a reasonable person or persons in the same position(s) would not have done what the Defendants have done." *Id*. at 3. Moreover, Henneberry asserts that the claims are not barred by the statute of limitations because Defendants' alleged unconstitutional actions occurred on or after February 8, 2018, which is within the two year limitations period. *Id*. Henneberry explains that the earlier events alleged in the complaint are included to "provide context for Plaintiff's claims" and show that Newark City officials "have a years-long history of violating Plaintiff's … rights . . . ." *Id*. at 4.[3] According to Henneberry, these events are sufficient to "satisfy the element of pattern, practice, or policy" of violating civil rights. *Id*. Finally, Henneberry opposes Defendants' Request for Judicial Notice of the two municipal ordinances on the basis that these ordinances do not regulate "Written Communications." *Id*. at 5.

Henneberry attaches two exhibits to his opposition brief, which he identifies as: (1) the first page of the Agenda for the February 8, 2018 Newark City Council meeting; and (2) the first page of the Minutes from the November 29, 2012 Newark City Council meeting.

### 4. Defendants' Reply

In their Reply, Defendants reiterate their arguments that Henneberry's complaint does not satisfy Rule 8(a)'s "fair notice" requirement, that he does not allege any constitutional violation,

---

[3] Because Plaintiff makes clear in his opposition brief that the conduct that he alleges violated his constitutional rights occurred in 2018, and Defendants do not dispute that the claims that Plaintiff asserts on the basis of that conduct are timely, *see* Reply at 7, the Court need not reach Defendants' assertion in the Motion that Plaintiff's claims should be dismissed because they are untimely.

[and] that he has not alleged facts sufficient to defeat qualified immunity and to demonstrate that there is any basis for liability as to the City of Newark under *Monell*. Reply at 2-8. They acknowledge that pro se pleadings are construed liberally; however, they assert that even pro se litigants must notify defendants about the allegedly wrongful conduct. *Id*.at 2.

Defendants object to Henneberry's exhibits on the basis that they "lack foundation and authentication, and constitute hearsay." *Id*. at 3. Defendants argue that even if the Court considers the exhibits, however, they do not show that Newark has a policy of reading written submissions aloud at city council meetings. *Id*. at 3-4.

## III. ANALYSIS

### A. Legal Standard

#### 1. Rule 8(a) of the Federal Rules of Civil Procedure

Rule 8(a) of the Federal Rules of Civil Procedure dictates a plaintiff's burden at the pleading stage. Rule 8(a) states that the pleading must contain "a short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this burden, the complaint must be supported by factual allegations that raise "a plausible entitlement to relief." *Starr v. Cty. of L.A.*, 659 F.3d 850, 851 (9th Cir. 2011) (quoting *Bell*, 550 U.S. at 559). While helpful for providing a framework, legal conclusions are not sufficient to serve as the basis of a claim and are therefore not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In addition, "pro se pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)

#### 2. Rule 12(b)(6) of the Federal Rules of Civil Procedure

A complaint can be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the court identifies which allegations are factual rather than conclusory. *Iqbal*, 556 U.S. at 679. The factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. Of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th

9

Cir. 1995) (citing *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994)). The court then determines whether the factual allegations are sufficient to support each material element of a claim for relief under a viable legal theory. *Iqbal*, 556 U.S. at 679. Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### 3. Legal Standard Under 42 U.S.C. §1983

"Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under 42 U.S.C. §1983, the plaintiff must show that (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri*, 901 F.2d at 699 (citing *Rinker v. Napa County*, 831 F.2d 829, 831 (9th Cir.1987) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981))). Furthermore, the plaintiff must prove that each defendant was personally involved in depriving him of his rights. *Barren v. Harrington*, 152 F.3d 1193, 1196 (9th Cir. 1998) (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980)).

### B. Whether the Court Should Take Judicial Notice of Municipal Ordinances Submitted by Defendants

Defendants request that the Court take judicial notice of two Newark Municipal Code provisions. Req. for Judicial Notice dkt. no. 9 at 1. These provisions outline when and how members of the public can address Newark City Council on items on and off the agenda. According to Rule 201 of the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Ninth Circuit has held that courts may take judicial notice of municipal ordinances. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (citing *Newcomb v.*

*Brennan*, 558 F.2d 825, 829 (7th Cir. 1977)). Therefore, the Court takes judicial notice of these ordinances.

### C. Whether the Court Should Consider Exhibits Submitted by Plaintiff in Support of Opposition

In support of his Opposition, Henneberry attaches two exhibits: the first page of the February 8, 2018 Newark City Council Meeting agenda and the first page of the November 29, 2012 Newark City Council meeting minutes. The Court does not consider these exhibits for the purposes of deciding the instant Motion.

As a general rule, on a motion to dismiss the Court cannot take into consideration any materials outside the pleadings without treating the motion as a motion for summary judgment and providing the parties an opportunity to present all pertinent material. *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011); Fed. R. Civ. Proc. 12(d). There are some exceptions to this rule. For example, the Court may consider materials that are attached to the Complaint itself. *Corinthian Colleges*, 655 F.3d at 999. The Court may also consider unattached documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Neither of these exceptions applies here, however.

Henneberry attached the exhibits to his Opposition brief, not the Complaint; therefore, the Court cannot consider them as materials attached to the Complaint. Furthermore, the Complaint does not refer to the documents and Defendants question their authenticity. *See* Reply at 3. Therefore, consideration of these documents would improperly convert the motion to a summary judgment motion.[4]

### D. Whether Plaintiff's Complaint States a First Amendment Claim

Henneberry's First Amendment claim appears to be based on two theories: 1) that Defendants are required to create and maintain a "read one, read all" policy for Agenda Item D;

---

[4] The Court notes that although it does not consider these documents in deciding the Motion, there is nothing in them that would appear to have any impact on the conclusions the Court reaches in this Order.

11

and 2) his speech is being suppressed by the City based on his viewpoint. The Court concludes that he has failed to allege a First Amendment violation under either theory.

First, Henneberry has pointed to no authority that supports his argument that Defendants are constitutionally obligated to establish a policy of "read one, read all" at City Council meetings. It is well established that city council meetings are considered a limited public forum and therefore, that city councils may impose time, place, and manner restrictions on speech so long as they are reasonable and viewpoint neutral. *Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 271 (9th Cir. 1995). Consequently, the Court finds that Newark City Council is *not* required under the First Amendment to adopt a "read one, read all" policy under Agenda item "D".

Further, while it is true that time, place and manner restrictions are not permissible if they are based on the viewpoint of the speaker, the allegations in Henneberry's complaint do not support a plausible inference that Defendants' refusal to read his letters aloud was based on Henneberry's viewpoint. Government actors cannot discriminate against speakers simply because they do not agree with or like the speaker's opinion. *Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014). Thus, viewpoint discrimination occurs "when the government prohibits 'speech by particular speakers,' thereby suppressing a particular view about a subject." *Giebel v. Sylvester*, 244 F.3d 1182, 1188 (9th Cir. 2001) (quoting *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983)). Here, however, Henneberry alleges facts showing that Defendants repeatedly told him he could read his letter during a different part of the meeting and Henneberry does not allege any facts suggesting that he could not have done so. Under these circumstances, he has failed to raise a plausible inference that Defendants refused to read his letters during the Written Communications agenda item because they were trying to suppress the viewpoint expressed in Henneberry's letters.

Similarly, the Court finds that Henneberry has not alleged facts suggesting that his viewpoint was suppressed in the first instance. An act need not fully silence speech to count as speech suppression; a plaintiff need only show that the defendant's conduct had *some* impact on the speaker's ability to convey his or her message. *See Giebel v. Sylvester*, 244 F.3d at 1189 (holding that removal of only the plaintiff's handbill from a state university billboard that

contained 24 other handbills constituted viewpoint discrimination because the removal would have caused the plaintiff's message to go unheard); *Cuviello v. City & Cty. of San Francisco*, 940 F. Supp. 2d 1071, 1086 (N.D. Cal. 2013) (finding plaintiffs stated a plausible claim of viewpoint discrimination when officers forced protestors into a smaller and less visible area). Henneberry has not alleged any such facts, however. Rather, based on the allegations in the complaint, Henneberry's ability to effectively communicate the message in his letters would have been the same regardless if he read them himself during the Oral Communications part of the meeting or if they were read by someone else during the Written Communications part of the meeting. In particular, the Court notes that Henneberry specifically alleged that the City Council meetings are recorded, creating a public record of the content, and does *not* allege that only certain agenda items are recorded. *See* Complaint at 1. Thus, there appears to be no meaningful difference between the two agenda items with respect to the public record that is created.

Therefore, the Court GRANTS the Motion as to Plaintiff's claim under 42 U.S.C. § 1983 based on alleged violation of Henneberry's First Amendment rights. Because Henneberry may be able to remedy these deficiencies by alleging facts supporting an inference that the conduct of Defendants was based on his viewpoint or had some actual impact on his ability to make his message heard, the Court will permit Henneberry to amend his complaint as to this claim.

### E.  Whether Plaintiff's Complaint States a Fourteenth Amendment Claim

#### 1.  Equal Protection

Defendants argue that Henneberry fails to state a viable claim for violation of his right to equal protection under the Fourteenth Amendment. The Court agrees.

The Equal Protection Clause of the Fourteenth Amendment states, "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV §1. This "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Clark v. Cal.*, 123 F.3d 1267, 1270 (9th Cir. 1997). While courts have held that "[g]overnment action that suppresses protected speech in a discriminatory manner may violate both the First Amendment and the Equal Protection Clause," the analysis for both claims is "essentially the same." *Dariano v. Morgan Hill*

13

*Unified Sch. Dist.*, 767 F.3d 764, 779–80 (9th Cir. 2014) (citation omitted). Therefore, the Court concludes that Henneberry fails to state a claim under the Equal Protection Clause for the same reasons his First Amendment claim fails.

In addition, to the extent Henneberry seeks to assert a claim under the so-called "class of one" doctrine, that claim fails. The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To prevail on such a claim, however, a plaintiff must demonstrate "that 'the level of similarity between plaintiff and the persons with whom they compare themselves [is] extremely high.'" *Solis v. City of Fresno*, No. 1:11-CV-00053 AWI, 2011 WL 5825661, at *7 (E.D. Cal. Nov. 17, 2011) (quoting *Wilson v. City of Fresno*, No. CV F 09–0887 LJO SMS, 2009 WL 3233879, at *7 (E.D.Cal. Oct. 2, 2009)). Henneberry has not met that burden. He has alleged only that over the course of several years a letter from resident Marla Morris and thank-you notes from City Council member Susan Johnson and Congressman Pete Stark were read during the Written Communications agenda item. Complaint ¶¶ 13-14. Notably, he does not allege in the complaint that the writers of any of these letter were present at the City Council meetings at which their letters were read and could have read the letters aloud themselves during the Oral Communications agenda item. Rather, the circumstances under which their letters were read are unclear. Given the high level of similarity that must be established to show that others who were treated differently are similarly situated, the Court concludes that these scant allegations are insufficient to raise a plausible inference that others whose letters were read aloud were similarly situated to Henneberry. Therefore, the Court GRANTS the Motion as to Plaintiff's Equal Protection Claim. Plaintiff will be given leave to amend as to this claim.

**2. Whether Plaintiff's Complaint States a Due Process Claim**

The Court further concludes that Henneberry has failed to state a claim under the Fourteenth Amendment Due Process Clause.

First, to the extent Henneberry's Due Process claim is based on the alleged suppression of

14

his right to express himself, this claim is more appropriately treated as a First Amendment claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that when a specific Amendment provides constitutional protection, it is that Amendment, rather than the "generalized notion" of substantive due process, that provides relief for the plaintiff). Therefore, Henneberry's Due Process claim fails for the same reasons his First Amendment claim fails.

Moreover, even if Henneberry's claim is treated as a Due Process claim, the allegations in the complaint are insufficient to state a claim. The Fourteenth Amendment prohibits States from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV §1. The purpose of this clause is "protection of the individual against arbitrary action of government[.]" *Countty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)). The Supreme Court has found, however, that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Id*. at 846 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)). As discussed above, however, Henneberry alleges only that Defendants refused to read his letter aloud during one agenda item at a City Council meeting while repeatedly telling him that he could read the letter aloud himself at a different point in the same meeting. As discussed above, the Complaint contains no allegations that suggest that the alternative offered to Henneberry was in any way inferior to having the letter read during "Written Communications." Under these circumstances, the Court finds no case authority suggesting that such allegations are sufficient to demonstrate the egregious conduct required to state a claim under the Due Process Clause.

Therefore, the Court GRANTS the Motion as to Plaintiff's Due Process Claim.

### F. Qualified Immunity

The Court further finds that the individual defendants are protected by qualified immunity. Qualified immunity provides government officials with "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted)). The rule attempts to balance competing interests – those of plaintiffs who have been wronged by government officials, and those of government officials who may be inhibited in performance of their duties out of fear of financial liability and

15

time-consuming litigation. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). To determine if an official is protected by qualified immunity, a court asks (1) whether the plaintiff's constitutional right has been violated; and (2) whether that right was clearly established at the time of the challenged conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A right is clearly established if a "reasonable official would have understood that what he is doing violates that right." *Anderson*, 483 U.S. at 640. When deciding whether qualified immunity is proper on a motion to dismiss, courts assume all facts alleged in the complaint are true. *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963-64 (9th Cir. 2004).

As discussed above, Henneberry has failed to allege any constitutional violation. Therefore, the individual defendants are entitled to qualified immunity based on the first part of the *Saucier* test. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001) (holding that, because there was no constitutional violation, the district court properly granted qualified immunity in favor of the government officials). In addition, even if the Court were to find that Henneberry has stated a claim for violation of his constitutional rights, Defendants would still be entitled to qualified immunity because Henneberry has not pointed to any right that is clearly established, either under the First Amendment or the Fourteenth Amendment, based on the facts alleged here. Therefore, the Court finds that Plaintiff's claims against the individual defendants are subject to dismissal on the basis of qualified immunity.

### G. Whether Plaintiff States a Claim Against the City of Newark

Defendants argue that Henneberry also has failed to state a claim against the City of Newark. The Court agrees.

Under *Monell v. Dep't of Soc. Servs. of City of New York*, an individual may assert a claim against a local governments under §1983 when (1) a constitutional violation was committed; and (2) the government entity "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell*, 436 U.S. 658, 690 (1978)). As discussed above, Henneberry has not plausibly alleged that a constitutional violation was committed. Therefore, Plaintiff has failed to state a claim against the City of Newark for the same reasons he has failed to state a claim as to

16

the individual defendants.[5] Accordingly, the Court GRANTS the Motion with respect to the claim against the City of Newark.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion is GRANTED. The Court dismisses all of Plaintiff's claims for the reasons stated above with leave to amend. Plaintiff may file an amended complaint to address the deficiencies identified by the Court no later than **August 17, 2018.**

**IT IS SO ORDERED.**

Dated: July 9, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[5] The Court does not reach the question of whether Henneberry has sufficiently alleged that the conduct upon which he bases his claims was pursuant to a policy, custom or practice. There are several ways this requirement can be met, including by showing that the relevant conduct involved "'a deliberate choice to follow a course of action [that was] made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). As neither side has addressed the question of whether the defendants who allegedly refused to read Henneberry's letter aloud are final policymakers with respect to that decision, the Court dismisses Plaintiff's *Monell* claim based only on his failure to satisfy the first requirement of *Monell*.