UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENNEBERRY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>    Defendants. | Case No. 18-cv-01905-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT AND DISMISSING AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 17 |

## I. INTRODUCTION

Plaintiff John Henneberry brings a civil rights action against the City of Newark and various City of Newark officials. The Court granted Defendants' motion to dismiss on July 9, 2018 and dismissed the complaint with leave to amend. *See* Docket No. 15. Henneberry filed an amended complaint ("Amended Complaint") and Defendants now bring another motion to dismiss ("Motion"), asking the Court to dismiss the Amended Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures for failure to state a claim. Henneberry's opposition brief was due on September 10, 2018. To date, no opposition brief has been filed. On September 14, 2018 the Court vacated the hearing noticed for October 5, 2018 on the basis that the Motion is suitable for determination without oral argument. For the reasons stated below, the Motion is GRANTED.[1]

## II. BACKGROUND

In its order dismissing Henneberry's original complaint, the Court found that Henneberry failed to state viable claims under 42 U.S.C. § 1983 based on alleged violations of the First

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

Amendment and the Fourteenth Amendment. With respect to the First Amendment claim, the Court found that Henneberry had alleged no facts supporting a plausible inference that he had been subject to viewpoint discrimination or even that Defendants' refusal to read his letter during the Written Communications agenda item at a city council meeting had any impact on his ability to express his opinions because he could have read his letter himself during the Oral Communications agenda item.

With respect to Henneberry's Fourteenth Amendment claim based on violation of his right to equal protection, the Court found that Henneberry failed to allege sufficient facts to show that he was treated less favorably than others who were similarly situated. To the extent Henneberry's Fourteenth Amendment claim was based on alleged violation of his right to due process, the Court found that the claim failed because Henneberry failed to allege facts sufficient to show that he had been subjected to "egregious official conduct."

In his Amended Complaint, Henneberry asserts the same two causes of action contained in his original complaint but he has alleged additional facts, discussed below. He also attaches copies of the letter he asked the Newark City Council to read at city council meetings, as well as copies of minutes from various city council meetings. (Although Henneberry refers to eleven letters in his Amended Complaint, all eleven of the letters attached to the Amended Complaint are identical). Defendants argue in the Motion that Henneberry has not cured the defects identified by the Court in its order dismissing Henneberry's original complaint and therefore, that his claims should be dismissed under Rule 12(b)(6).

**III. ANALYSIS**

    **A. Legal Standard**

        **1. Rule 8(a) of the Federal Rules of Civil Procedure**

Rule 8(a) of the Federal Rules of Civil Procedure dictates a plaintiff's burden at the pleading stage. Rule 8(a) states that the pleading must contain "a short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this burden, the complaint must be

2

supported by factual allegations that raise "a plausible entitlement to relief." *Starr v. Cty. of L.A.*, 659 F.3d 850, 851 (9th Cir. 2011) (quoting *Bell*, 550 U.S. at 559). While helpful for providing a framework, legal conclusions are not sufficient to serve as the basis of a claim and are therefore not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In addition, "pro se pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)

### 2. Rule 12(b)(6) of the Federal Rules of Civil Procedure

A complaint can be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the court identifies which allegations are factual rather than conclusory. *Iqbal*, 556 U.S. at 679. The factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. Of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994)). The court then determines whether the factual allegations are sufficient to support each material element of a claim for relief under a viable legal theory. *Iqbal*, 556 U.S. at 679. Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### 3. Legal Standard Under 42 U.S.C. §1983

"Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under 42 U.S.C. §1983, the plaintiff must show that (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri*, 901 F.2d at 699 (citing *Rinker v. Napa County*, 831 F.2d 829, 831 (9th Cir.1987) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981))). Furthermore, the plaintiff must prove that each defendant was

3

personally involved in depriving him of his rights. *Barren v. Harrington*, 152 F.3d 1193, 1196 (9th Cir. 1998) (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980)).

### B. First Amendment Claim[2]

In his Amended Complaint, Henneberry has included allegations that emphasize the content of his letter, which he has also attached to the Complaint, to show that its "disparaging content" was the basis for Defendants' refusal to read it during the Oral Communications agenda item. He also alleges facts regarding various incidents involving arrests and threatened arrests by City of Newark police officers, some of which allegedly occurred at public meetings between 2012 and 2014, alleging that the City of Newark has a pattern and practice of chilling his First Amendment rights. Amended Complaint ¶¶ 15-18. He also includes allegations regarding the time limit for Oral Communications, alleging that because he always wanted to use the full five minutes allotted per speaker for oral communications when he attended city council meetings, Defendants' refusal to read his letter during the Written Communications agenda item had an impact on his ability to express his ideas. *Id*. ¶ 14. These additional allegations do not cure the defects in Henneberry's First Amendment claim.

As the Court previously found, the First Amendment does not require that the Newark city council follow a "read-one-read-all" policy with respect to written communications. While the First Amendment does require that the city council refrain from discriminating on the basis of viewpoint, the mere fact that the letter at issue here was critical of the city council is not sufficient to raise a plausible inference of viewpoint discrimination where Henneberry was permitted to read his letter during the Oral Communications agenda item. Nor do Henneberry's allegations regarding other incidents and encounters with Newark police officers support such an inference. Moreover, to the extent Henneberry may have wanted to use his allotted five minutes to express other ideas rather than to read his letter, that limitation on his speech was simply the result of a reasonable time limitation that applies to all who wish to speak at city council meetings and which is permissible under the First Amendment. *See Kindt v. Santa Monica Rent Control Bd*., 67 F.3d

---

[2] The applicable legal standards governing Henneberry's First Amendment claim are set forth in the Court's previous order. Therefore, the Court does not repeat them here.

4

266, 271 (9th Cir. 1995) (city council meetings are limited public fora and therefore city councils may impose time, place, and manner restrictions on speech so long as they are reasonable and viewpoint neutral). Therefore, the Court dismisses Plaintiff's First Amendment claim.

### C. Fourteenth Amendment Claims

Henneberry's Amended Complaint, like the original complaint, also fails to state a viable claim based on alleged violation of his Fourteenth Amendment rights. First, he does not state a claim under the equal protection clause because he has not alleged specific facts showing that others who were similarly situated were treated differently without any rational basis. Nor has he alleged facts sufficient to raise a plausible inference that Defendants' refusal to read his letter aloud during the Written Communications agenda item constituted the sort of egregious conduct that gives rise to a violation of his right to due process. Therefore, Henneberry fails to state a claim based on alleged violation of his rights under the Fourteenth Amendment.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED. Because Henneberry has been given an opportunity to cure the defects in his claims but has been unable to do so, the Court dismisses all of his claims with prejudice. The Clerk is instructed to close the case and enter judgment in favor of Defendants.

**IT IS SO ORDERED.**

Dated: September 24, 2018

JOSEPH C. SPERO
Chief Magistrate Judge